UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AIR QUALITY ASSESSORS, LLC,

    Plaintiff,

v.                                                                     Case No:   2:18-cv-300-FtM-38MRM

ASI PREFERRED INSURANCE
CORPORATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court, *sua sponte*, on the Order to Show Cause as to Plaintiff Air Quality Assessors, LLC, entered on June 21, 2018.  (Doc. 11).

**I.**    **Background**

This action was removed from state court on May 1, 2018.  (Doc. 1).  On May 7, 2018, after removal, Defendant filed a Notice of Filing Plaintiff's Voluntary Dismissal Without Prejudice.  (Doc. 9).  The Notice requested dismissal of this action without prejudice based upon purported representations by Plaintiff's counsel to Defendant that Plaintiff wished to dismiss this action without prejudice.  (*Id.* at 2).  The Court, however, denied Defendant's request.  (Doc. 10 at 2).  The Court stated that "if Plaintiff wishes to dismiss this action, a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) signed by all parties who have appeared must be filed."  (*Id.*).  Thereafter, Plaintiff did not file anything in this action or otherwise indicate that it wishes this action to proceed.

On June 21, 2018, the Court issued an Order to Show Cause to Plaintiff why this action should not be dismissed for failure to prosecute.  (Doc. 11).  At that time, the Court noted that the parties had failed to submit a timely Case Management Report and that Plaintiff had not filed

anything in this action or otherwise indicated that it wishes this action to proceed. (*Id.* at 1-2). Because Plaintiff had not filed anything in this action or otherwise indicated that it wishes this action to proceed, the Court required Plaintiff to show cause why this action should not be dismissed for failure to prosecute within fourteen (14) days from the date of the Order. (*Id.* at 2). The Court warned Plaintiff that, if it failed to show cause within this time, then the Undersigned would recommend that this action be dismissed for failure to prosecute. (*Id.*). Plaintiff has failed to file anything showing good cause or otherwise indicate it wishes this action to proceed.

**II.    Legal Standard**

The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1] The Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit has further held that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State Univ.*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)). The court also held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id.* (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**III.    Analysis**

While dismissal for lack of prosecution is a harsh sanction, the Undersigned can only conclude that Plaintiff's delay and unresponsiveness in this case is willful.  *See McKelvey*, 789 F.2d at 1520.  Plaintiff has not filed anything in this action after removal.  Additionally, Plaintiff expressly failed to comply with the Order to Show Cause.  At this point, because Plaintiff has failed to comply with this Court's Order and has otherwise made no showing in any respect that it wishes this action to proceed, the Undersigned can only view Plaintiff's actions as willful delay or abandonment warranting dismissal for failure to prosecute.  *See id.*

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff Air Quality Assessors, LLC's Complaint (Doc. 2) be dismissed.

Respectfully recommended in Chambers in Fort Myers, Florida on July 10, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties